UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MUFTI ABDUL EL-MALIK-BEY ALI,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS MYGRANT, T. SYKES, and S. LAPOINT,<br><br>Defendants. | CAUSE NO. 3:23-CV-885-PPS-APR |

## OPINION AND ORDER

Mufti Abdul El-Malik-Bey Ali, a prisoner without a lawyer, filed an amended complaint alleging he was assaulted by a guard, denied constitutionally adequate medical treatment, and denied adequate food. [DE 13]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ali alleges Officer Dennis Mygrant threw bleach in his face on August 5, 2021, at the Miami Correctional Facility. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore

discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). This allegation states a claim.

Ali alleges Officer Mygrant denied him medical treatment to wash the bleach out of his eyes. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). This allegation states a claim.

Ali alleges Officer Mygrant fired him from his job because he filed grievances about those events. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). This allegation states a claim.

Ali alleges Officer Dennis Mygrant systematically denied him lunch and dinner for days by refusing to order his special diet meals in 2021. It is unclear why Officer Mygrant was responsible for ordering his meals, but giving Ali the benefit of the inferences to which he is entitled at the pleading stage of this case, this allegation states a claim because inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

Ali alleges Nurse Practitioner S. Lapoint refused to provide medical treatment for his eyes on August 5, 2021. He also alleges she provided him outdated, improper

2

eye drops on August 9, 2021, which caused him additional injury. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). This allegation states a claim.

Ali alleges Nurse Practitioner S. Lapoint and Officer T. Sykes took his wheelchair, medical boots, brace, and inserts in November 2022 in retaliation for his having filed grievances. This allegation states a claim. Ali alleges Nurse Practitioner Kim Meyers and Medical Director Leann Aivers knew he did not have this medical equipment, but did not give him replacements. This allegation does not state a claim because "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). This complaint does not plausibly allege either Nurse Meyers or Director Aivers are liable merely because they were told what Nurse Lapoint and Office Sykes are alleged to have done. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Ali alleges Nurse Practitioner Kim Meyers cancelled his physician prescribed diabetic diet in 2023 and Medical Director Leann Aivers allowed this to happen. These allegations are unrelated to the other claims on which Ali is proceeding in this case. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). I can "solve the problem by [picking a claim and] dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). The 2023 diabetic diet claims against Nurse Practitioner Kim Meyers and Medical Director Leann Aivers will be dismissed without prejudice so Ali can bring them in a separate lawsuit.

Ali sues three other defendants: Jane Doe, Indiana Department of Corrections, and Unnamed I.D.O.C. Nurses. He does not explain what the unknown defendants did and "it is pointless to include lists of anonymous defendants in federal court; this type

4

of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). The Indiana Department of Correction is merely alleged to be the "agency responsible for the incarceration of prisoners." [DE 13 at 2]. This does not state a claim because there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Also, the Indiana Department of Correction has sovereign immunity. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

For these reasons, the Court:

(1) **GRANTS** Mufti Abdul El-Malik-Bey Ali leave to proceed against Officer Dennis Mygrant in his individual capacity for compensatory and punitive damages for throwing bleach in his face on August 5, 2021, at the Miami Correctional Facility and then denying him medical treatment to wash the bleach out of his eyes in violation of the Eighth Amendment;

(2)  **GRANTS** Mufti Abdul El-Malik-Bey Ali leave to proceed against Officer Dennis Mygrant in his individual capacity for compensatory and punitive damages for retaliating against him for filing grievances about the events of August 5, 2021, by firing him from his job in violation of the First Amendment;

(3) **GRANTS** Mufti Abdul El-Malik-Bey Ali leave to proceed against Officer Dennis Mygrant in his individual capacity for compensatory and punitive damages for systematically denying him lunch and dinner in 2021 by refusing to order his special diet meals in violation of the Eighth Amendment;

(4) **GRANTS** Mufti Abdul El-Malik-Bey Ali leave to proceed against Nurse Practitioner S. Lapoint in her individual capacity for compensatory and punitive damages for denying constitutionally adequate medical treatment for his eyes on August 5, 2021, and for providing him outdated, improper eye drops on August 9, 2021, which caused him additional injury in violation of the Eighth Amendment;

(5) **GRANTS** Mufti Abdul El-Malik-Bey Ali leave to proceed against Nurse Practitioner S. Lapoint and Officer T. Sykes in their individual capacities for compensatory and punitive damages for retaliating against him in November 2022 for filing grievances by taking his wheelchair, medical boots, brace, and inserts in violation of the First Amendment;

(6) **DISMISSES WITHOUT PREJUDICE** the 2023 diabetic diet claims against Nurse Practitioner Kim Meyers and Medical Director Leann Aivers so Mufti Abdul El-Malik-Bey Ali can bring them in a separate lawsuit;

(7) **DISMISSES** all other claims raised in the amended complaint [DE 13];

(8) **DISMISSES** K. Meyers, Leann Aivers, Jane Doe, Indiana Department of Corrections, and Unnamed I.D.O.C. Nurses;

(9) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Dennis Mygrant and Officer T. Sykes at the Indiana Department of Correction, with a copy of this order and the complaint [DE 13];

(10) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Practitioner S. Lapoint at Centurion Health of Indiana, LLC, with a copy of this order and the complaint [DE 13];

(11) **ORDERS** the Indiana Department of Correction and Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(12) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer Dennis Mygrant, Officer T. Sykes, and Nurse Practitioner S. Lapoint to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: February 4, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT