UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUFTI ABDUL EL-MALIK-BEY ALI,

    Plaintiff,

    v.                                      CAUSE NO. 3:23-CV-885-PPS-APR

DENNIS MYGRANT, et al.,

    Defendants.

## OPINION AND ORDER

Mufti Abdul El-Malik-Bey Ali, a prisoner without a lawyer, is proceeding in this case on five claims against three defendants. ECF 14 at 5-6. Specifically, he is proceeding against Officer Dennis Mygrant for: (1) "throwing bleach in his face on August 5, 2021, at the Miami Correctional Facility and then denying him medical treatment to wash the bleach out of his eyes in violation of the Eighth Amendment;" (2) "retaliating against him for filing grievances about the events of August 5, 2021, by firing him from his job in violation of the First Amendment;" and (3) "systematically denying him lunch and dinner in 2021 by refusing to order his special diet meals in violation of the Eighth Amendment[.]" *Id.* at 5. Next, Ali is proceeding against Nurse Practitioner Lapoint "for denying constitutionally adequate medical treatment for his eyes on August 5, 2021, and for providing him outdated, improper eye drops on August 9, 2021, which caused him additional injury in violation of the Eighth Amendment[.]" *Id.* at 6. Finally, he is suing NP Lapoint and Officer Tracey Sykes "for retaliating against him in November

2022 for filing grievances by taking his wheelchair, medical boots, brace, and inserts in violation of the First Amendment[.]" *Id.*

The defendants filed a joint motion for partial summary judgment, arguing Ali did not exhaust his available administrative remedies before filing this lawsuit. ECF 26. The defendants' summary judgment motion does not mention or request summary judgment on Ali's claim against Officer Mygrant for "retaliating against him for filing grievances about the events of August 5, 2021, by firing him from his job in violation of the First Amendment[.]" The defendants do not label their motion for summary judgment as "partial," so it is unclear whether the omission of this claim was intentional or an oversight. In all events, the motion is teed up for disposition. ECF 32, 34, 35.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is a pragmatic inquiry; it's not a matter of what appears "on paper," but rather whether the process is actually available in practice. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). For example, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

As discussed, the defendants move for summary judgment on four of Ali's five claims. Because the exhaustion analysis is different for each of these claims, each claim will be addressed in turn.

      I.    *Eighth Amendment claim against Officer Mygrant for throwing bleach in his face and denying him medical treatment on August 5, 2021*

Ali is proceeding against Officer Mygrant for violating his Eighth Amendment rights by throwing bleach in his face at Miami Correctional Facility ("MCF") on August 5, 2021, and then denying him medical treatment to wash the bleach out of his eyes. ECF 14 at 5. The defendants provide Ali's grievance records, a copy of the Offender Grievance Process, and an affidavit from MCF's Grievance Specialist, which show the following facts: The Offender Grievance Process, which was available to Ali at all times, required him to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 26-1 at 2, 5; ECF 26-2 at 3.

On August 11, 2021, the grievance office received Grievance 131181 from Ali, in which he complained Officer Mygrant got bleach on his face and refused to decontaminate him or report the incident so he could see a doctor. ECF 26-1 at 5-6; ECF 26-3 at 1. Ali labeled this grievance as an "Emergency Grievance" and requested as relief that Officer Mygrant be fired or reprimanded. *Id.* On August 12, 2021, the grievance office issued a receipt of the grievance and noting its response was due by September 3, 2021. ECF 26-1 at 6; ECF 26-3 at 2.[1] Also on August 12, Ali submitted a "Grievance Appeal" form attempting to appeal Grievance 131181 and several other grievances ("August 12 Grievance Appeal form"). ECF 26-4 at 2. On September 2, 2021,

---

[1] By treating Ali's grievance in this manner, the Grievance Specialist rejected Ali's designation of Grievance 131181 as an "Emergency Grievance," which would have shortened the Grievance Specialist's deadline to respond to the grievance. *See* ECF 26-2 at 5.

4

the grievance office issued a response denying Grievance 131181 on its merits, concluding Officer Mygrant had tried to get medical attention for Ali but Ali had refused. ECF 26-1 at 6; ECF 26-3 at 12. At that point, Ali had five business days to submit a Level I appeal by checking the "Disagree" box on the Offender Grievance Response Report and returning it to the grievance office, but he did not do so. *Id.*

On September 14, 2021, the grievance office returned Ali's August 12 Grievance Appeal form to him, which Ali had submitted before the grievance office even denied Grievance 131181, and explained to him that to appeal the denial of Grievance 131181 he needed to sign the "Offender Grievance Response Report," check the "Disagree" box, and return the report to the grievance office. ECF 26-4 at 1. Ali never submitted any appeal form after the grievance office denied Grievance 131181. *Id*; ECF 26-1 at 7. Because Ali never properly submitted a Level I appeal for Grievance 131181, the Grievance Specialist concludes he did not fully exhaust the grievance. ECF 26-1 at 7.

I agree. Ali did not fully exhaust Grievance 131181. It is true he submitted a Level I appeal but he did that *before* the grievance office ever denied the grievance in the first place. What he didn't do is ever file Level I appeal *after* the grievance office denied Grievance 131181. In his summary judgment response, Ali argues his August 12 Grievance Appeal form was a sufficient appeal attempt, and he therefore exhausted the administrative remedies that were available to him. ECF 32 at 1-3. But Ali's August 12 Grievance Appeal form did not comply with the requirements of the Offender Grievance Process because he submitted this appeal form *before* he received the grievance office's response denying Grievance 131181. *See* ECF 26-2 at 12 (providing

5

that an inmate may only initiate a Level I appeal after he receives "the grievance response from the Offender Grievance Specialist" and is "dissatisfied with the grievance response"); *Lockett*, 937 F.3d at 1025 (to exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."); *Kendrick v. Neal*, No. 3:24-cv-1007-PPS-JEM, 2025 WL 3623664, at *3 (N.D. Ind. Dec. 12, 2025) (inmate's premature attempt to initiate a grievance appeal did not comply with the requirements of the Offender Grievance Process).

In his response to the summary judgment motion, Ali provides no evidence he took any steps to initiate a Level I appeal after the grievance office denied Grievance 131181, which was a necessary step to exhaust the grievance. The undisputed facts therefore show Ali did not fully exhaust Grievance 131181.

Ali raises two other arguments that must be addressed. First, Ali argues the Grievance Specialist made his administrative remedies unavailable by failing to treat Grievance 131181 as an Emergency Grievance. ECF 32 at 5-9. The Offender Grievance Process defines an "Emergency Grievance" as "The resolution of a grievance that, if subjected to the normal time limits, could cause the grievant substantial risk of personal injury or irreparable harm." ECF 26-2 at 2. The Grievance Specialist had a valid basis for rejecting Ali's designation of Grievance 131181 as an Emergency Grievance, as the grievance related to an event that occurred in the past and the relief Ali sought—for Officer Mygrant to be disciplined—did not subject Ali to a "substantial risk of personal injury or irreparable harm" by following the normal time limits. In any event, the Offender Grievance Process explicitly provided Ali with a remedy to appeal the

6

Grievance Specialist's determination that Grievance 131181 was not an Emergency Grievance. *See* ECF 26-2 at 5 (if the Grievance Specialist rejects the inmate's designation of a grievance as an Emergency Grievance, "The determination that a grievance is not an emergency may be appealed through the normal grievance procedures as directed in this policy and administrative procedure."). It is undisputed Ali did not appeal this determination, as it is undisputed he never properly submitted a Level I appeal. Therefore, even assuming the grievance specialist erred in determining Grievance 131181 was not an emergency grievance, it is undisputed Ali had an available remedy to appeal that determination which he did not exhaust before he filed this lawsuit.

Second, Ali argues he submitted other Emergency Grievances in August 2021 for which he never received any receipt or response from the grievance office. ECF 32 at 4, 6-7.[2] The Grievance Specialist attests he never received these Emergency Grievances and he never received any written notification from Ali related to these grievances. ECF 26-1 at 9; *see* ECF 26-2 at 9 (an inmate who submits a grievance and receives no receipt or response from the Grievance Specialist within ten business days must "notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days"). In his response, Ali does not dispute that he

---

[2] Ali does not provide copies of the "Emergency Grievances" he claims he submitted in August 2021 with his summary judgment motion. Instead, Ali provides as exhibits numerous grievances which he filed *after he filed this lawsuit*. *See* ECF 32-1. These grievances are not relevant to the exhaustion analysis because Ali submitted them after filing this lawsuit. *See Perez*, 182 F.3d at 535 ("a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed . . . even if the prisoner exhausts intra-prison remedies before judgment"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later).

never submitted any written notifications to the Grievance Specialist regarding the lack of response to these grievances. It is well established that this "notice requirement" of the Offender Grievance Process is a necessary step to exhaust a grievance. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Rambo v. Smiley*, No. 3:18-CV-740-JD-MGG, 2020 WL 1157865, at *4 (N.D. Ind. Mar. 10, 2020) (same). Therefore, even accepting as true that Ali submitted additional Emergency Grievances for which he received no response from the grievance office, the undisputed facts show Ali had administrative remedies available to him with regard to these grievances that he did not exhaust.

Accordingly, the undisputed facts show Ali did not fully exhaust Grievance 131181 before filing this lawsuit because he never submitted any Level I appeal after the grievance was denied, and Ali has not shown his administrative remedies were in any way unavailable. The defendants have therefore met their burden to show Ali did not fully exhaust his available administrative remedies related to this claim before filing this lawsuit. Summary judgment is thus warranted in favor of Officer Mygrant on this claim.

> II. *Eighth Amendment claim against Officer Mygrant for denying him lunch and dinner in 2021 by refusing to order his special diet meals*

Ali is proceeding against Officer Mygrant for violating his Eighth Amendment rights by systematically denying him lunch and dinner in 2021 by refusing to order his special diet meals. ECF 14 at 5. The defendants provide evidence showing the following

8

facts: On October 23, 2021, Ali submitted Grievance 135083, complaining he was being denied his kosher diet meals. ECF 26-1 at 8; ECF 26-5 at 1. On December 13, 2021, the grievance office denied Grievance 135083 on its merits. ECF 26-1 at 8; ECF 26-5 at 4. Ali never submitted a Level I appeal, which was a necessary step to fully exhaust Grievance 135083. ECF 26-1 at 8. In his summary judgment response, Ali only argues that he exhausted his remedies with respect to his claim addressed in Section I, and does not specifically address any of his other claims. Therefore, because Ali does not dispute any of these facts in his response, I accept them as undisputed.

Here, the defendants have provided undisputed evidence Ali never fully exhausted Grievance 135083 because he never submitted a Level I appeal after the grievance office denied the grievance. In his response, Ali does not address this claim, does not dispute that he never submitted a Level I appeal for Grievance 135083, and does not argue he submitted any other relevant grievance. Therefore, the undisputed facts show Ali did not exhaust his available administrative remedies with regard to this claim before filing this lawsuit, and summary judgment is warranted in favor of Officer Mygrant on this claim.

    III.    *Eighth Amendment claim against NP Lapoint for denying constitutionally adequate medical care for his eyes on August 5, 2021, and providing him improper eye drops on August 9, 2021*

Ali is proceeding against NP Lapoint for violating his Eighth Amendment rights in two ways: (1) for denying constitutionally adequate medical treatment for his eyes on August 5, 2021, and (2) for providing him outdated, improper eye drops on August 9,

2021, which caused him additional injury. ECF 14 at 6. The Grievance Specialist attests the grievance office never received any grievance from Ali related to either claim. ECF 26-1 at 5-7.

In his summary judgment response, Ali does not address either of these claims and does not dispute the Grievance Specialist's attestation that he never exhausted any grievance related to these claims. Regarding Ali's claim that NP Lapoint provided him improper eye drops on August 9, 2021, it is undisputed Ali never submitted any grievance related to this claim. So summary judgment is warranted in favor of NP Lapoint on this claim.

Regarding Ali's claim that NP Lapoint denied him constitutionally adequate medical care for his eyes on August 5, 2021, this claim relates to Ali's allegations in Grievance 131181, discussed in Section I above. *See* ECF 26-3 at 1 (complaining Officer Mygrant got bleach on his face and "refused to do an offender report of injury," which prevented him seeing a doctor). For the reasons discussed in Section I above, Ali did not fully exhaust Grievance 131181 because he never properly submitted a Level I appeal after the grievance was denied. What's more, Grievance 131181 only addressed the conduct of Officer Mygrant, not NP Lapoint. Nothing in Grievance 131181 put the prison on notice of Ali's allegation that NP Lapoint or any other medical provider denied him constitutionally adequate treatment on that day. *See Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner satisfies the exhaustion requirement by giving prison officials "notice of, and an opportunity to correct, a problem"); *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) (same).

In sum, because Grievance 131181 only complained of actions alleged to have been committed by Officer Mygrant (and not NP Lapoint), Ali cannot rely on this grievance to show he exhausted this claim against NP Lapoint even if he had fully exhausted the grievance. The undisputed facts show Ali did not fully exhaust any grievance related to either of his allegations in this claim against NP Lapoint, and therefore summary judgment is warranted in favor of NP Lapoint on this claim.

IV.   *First Amendment claim against NP Lapoint and Officer Sykes for retaliating against him in November 2022 for filing grievances by taking his wheelchair, medical boots, brace, and inserts*

Ali is proceeding against NP Lapoint and Officer Sykes for violating his First Amendment rights by retaliating against him in November 2022 for filing grievances by taking his wheelchair, medical boots, brace, and inserts. ECF 14 at 6. The Grievance Specialist attests the grievance office never received any grievance or written notice from Ali related to this claim. ECF 26-1 at 9. Because Ali does not dispute this attestation, I accept it as undisputed.

Here, the defendants have provided undisputed evidence the grievance office never received any grievance from Ali related to this claim. In his summary judgment response, Ali does not address this claim and does not argue or provide evidence he submitted any grievance relevant to this claim or his administrative remedies were in any way unavailable. Therefore, the defendants have met their burden to show Ali did not exhaust his administrative remedies with regard to this claim before filing this

11

lawsuit. Summary judgment is warranted in favor of NP Lapoint and Officer Sykes on this claim.

For these reasons, the court:

(1) GRANTS the defendants' motion for partial summary judgment (ECF 26);

(2) GRANTS summary judgment in favor of the defendants on Ali's claims:

    a. against Officer Mygrant for throwing bleach in his face on August 5, 2021, at the Miami Correctional Facility and then denying him medical treatment to wash the bleach out of his eyes in violation of the Eighth Amendment;

    b. against Officer Mygrant for systematically denying him lunch and dinner in 2021 by refusing to order his special diet meals in violation of the Eighth Amendment;

    c. against NP Lapoint for denying constitutionally adequate medical treatment for his eyes on August 5, 2021, and for providing him outdated, improper eye drops on August 9, 2021, which caused him additional injury in violation of the Eighth Amendment;

    d. against NP Lapoint and Officer Sykes for retaliating against him in November 2022 for filing grievances by taking his wheelchair, medical boots, brace, and inserts in violation of the First Amendment;

(3) DISMISSES NP Sherri Lapoint and Officer Tracey Sykes from this lawsuit; and

(4) REMINDS the parties this case is now proceeding only on Mufti Abdul El-Malik-Bey Ali's remaining claim against Officer Dennis Mygrant for retaliating against him for filing grievances about the events of August 5, 2021, by firing him from his job in violation of the First Amendment.

SO ORDERED.

ENTERED: February 17, 2026.

    /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

USDC IN/ND case 3:23-cv-00885-PPS-APR   document 36   filed 02/17/26   page 13 of 13